UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:                                          Chapter 11

ALLPOINTS WAREHOUSING
EQUIPMENT COMPANY d/b/a                          Case No. 8:11-bk-21407-CPM
GOT-RACK.COM and

ALAN D. BRIDGES,                                 Case No. 8:11-bk-21410-CPM

                                                 *(Jointly Administered Under*
              Debtors.                           *Case No. 8:11-bk-21407-CPM)*
———————————————————————/

## DEBTORS' EMERGENCY MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS AUTHORIZING USE OF CASH COLLATERAL AND GRANTING REPLACEMENT LIENS PURSUANT TO SECTIONS 105(a), 361, 363, 541 AND 552 OF THE BANKRUPTCY CODE AND RULE 4001 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

### STATEMENT OF RELIEF REQUESTED

The Debtors seek authority to use cash collateral to fund their operating expenses and the costs of administering these Chapter 11 cases in accordance with a proposed budget attached hereto and to provide replacement liens as described below as adequate protection for the interests in the cash collateral. The Debtors believe that the parties listed herein may assert a valid and perfected security interest in the Cash Collateral. As adequate protection, the Debtors propose to grant to those parties replacement liens to the same extent, validity, and priority as the security interests held by the parties as of the Petition Date.

ALLPOINTS WAREHOUSING EQUIPMENT COMPANY ("**Allpoints**") and

ALAN D. BRIDGES ("**Bridges**") (collectively, the "**Debtors**"), by and through their

undersigned attorneys, file their Emergency Motion for Entry of Interim and Final Orders

Authorizing use of Cash Collateral and Granting Replacement Liens Pursuant to Sections

105(a), 361, 363, 541 and 552 of the Bankruptcy Code and Rule 4001 of the Federal

Rules of Bankruptcy Procedure ("**Motion**") and request the entry of interim and final orders approving Allpoints' use of cash collateral. In support of the Motion, the Debtors respectfully represent as follows:

## Jurisdiction and Venue

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§157 and 1334.

2. The subject matter of this Motion is a core matter pursuant to 28 U.S.C. §157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§1408 and 1409.

3. The statutory predicates for the relief requested herein are Sections 361 and 363 of the Bankruptcy Code and Rule 4001 of the Federal Rules of Bankruptcy Procedure.

## Summary of Relief Requested

4. As further set forth below, before the Petition Date, the Debtors executed certain loan agreements and mortgages in favor of Amsouth Bank, n/k/a Regions Bank ("**Regions**") under which Allpoints granted to Regions security interests in inventory, accounts receivable and equipment. Bridges granted to Regions a mortgage on certain real estate owned by him. On information and belief, Regions may assert that it has liens on the proceeds from the collection of accounts receivable and the sale of inventory and that it therefore has an interest in Allpoints' cash collateral within the meaning of 11 U.S.C. § 363(a) (" **Cash Collateral**").

5. Allpoints intends to use the Cash Collateral in the continued operation of its business and in accordance with the budget ("**Budget**") attached as **Exhibit A** and by

reference incorporated herein. The Budget covers a four-week period from the Petition Date. The primary items of expenses are for salaries, wages, and commissions of Allpoints' employees and for the purchase of new material and inventory in which Regions will have a security interest.

6.      Accordingly, the Debtors seek the entry of an interim order authorizing the use of Cash Collateral ("**Interim Order**") to avoid immediate and irreparable harm to the estates pending a final hearing and the entry of a final order.

7.      The significant provisions of the Interim Order attached as **Exhibit B** are as follows:[1]

(a)   Interim Relief. The Order shall be granted on an interim basis, pending a final hearing on the Motion.

(b)   Budget. The Debtors' use of cash collateral will be materially consistent with the Budget, subject to a 10% variance on a cumulative basis ("**Variance**"). The Budget initially covers the four week period in the month of December 2011; and

(c)   Adequate Protection. The following shall constitute good and sufficient adequate protection to Regions for Allpoints' use of the Cash Collateral:

i.   Adequate Protection Liens. Allpoints shall provide Regions with replacement liens identical in extent, validity and priority as such liens existed on the Petition Date; and

ii.   Reporting Requirements. Allpoints shall provide a cash flow statement to counsel for Regions reflecting post-petition receipts and expenditures and a ninety day budget at least three business days in advance of the final hearing on the Motion.

---

[1] The summary of the Interim Order is provided for the convenience of the Court and other parties in interest. To the extent there are conflicts between this summary and the Interim Order annexed hereto as Exhibit B, the terms of the Interim Order shall govern. Capitalized terms used in the summary but not otherwise defined herein shall have the meaning(s) set forth in the Interim Order.

8.     At the initial hearing on this Motion, the Debtors will seek to use Cash Collateral in the amount of approximately $350,000 over the four-week period covered by the Budget, or such other amount as is necessary to avoid immediate and irreparable harm on an interim basis pending entry of a final order on this Motion. Roughly one-third of this amount will be expended for the purchase of product, although the amount of such purchases may vary as Allpoints receives orders from its customers. Another 40% of the Budget is devoted to wages, salaries, commissions, and installation costs. Bridges is employed by Allpoints as its President and receives a salary and commissions on account of his services to Allpoints.

## Background

9.     On November 21, 2011, ("**Petition Date**"), the Debtors filed with this Court their Voluntary Petitions for relief under Chapter 11 of Title 11 of the United States Code ("**Bankruptcy Code**").

10.    The Debtors continue to operate their business and manage their properties as debtors in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

11.    Pursuant to an order of this court dated November 21, 2011, the Debtors' Chapter 11 cases are being jointly administered for procedural purposes only under *In re Allpoints Warehousing Equipment Company*, Case No. 8:11-bk-21407-CPM.

12.    No previous application for the relief sought herein has been made by the Debtors to this Court or any other court.

13.    No trustee or examiner has been appointed in these cases and no official committees have yet been appointed pursuant to Section 1102 of the Bankruptcy Code.

14.     Allpoints has been in business for over 20 years and provides warehouse and material handling solutions throughout the Florida, the Southeast and all over the United States. The Debtor provides onsite rack refurbishing systems including a powder coat paint line, pallet racks, cantilever racks and high density racking at a lower cost than new racks. It has conducted its business on a 9.8 acre site located at 5210 Causeway Blvd. in Tampa, Florida (the "**Causeway Property**") for the past twenty years. Bridges is the fee title owner of the Causeway Property.

## Summary of Prepetition Secured Indebtedness

15.     Prior to the Petition Date, each of the Debtors executed promissory notes, mortgages, and/or security agreements in favor of certain of Regions pursuant to which they granted liens on real estate, improvements, and accounts receivable, as further described in the mortgages and applicable security documents.

16.     Regions made three prepetition loans to Allpoints (#2001, #0885, and #0742) in the aggregate amount of approximately $3.4 million, and Regions may assert that these loans are secured by the Cash Collateral. Bridges guaranteed these loans.

17.     Regions made loans to Bridges secured by the Causeway Property in the aggregate amount of approximately $2 million. As noted above, Allpoints' business operations are conducted upon the Causeway Property. Regions has a mortgage on unrelated real estate owned by Bridges securing a loan of approximately $700,000.

## Legal Authority for the Relief Requested

18.     The Debtors believe that Regions will assert liens on the cash generated by Allpoints and will assert that such cash is Cash Collateral within the meaning of Section

363(a) of the Bankruptcy Code. Although reserving the right to contest the validity and priority of Regions' liens, Allpoints files this Motion, joined in by Bridges, and seeks the entry of an order authorizing Allpoints' use of Cash Collateral generally and for purposes which include the following:

(a) care, maintenance, and preservation of the Allpoints' assets and the Causeway Property;

(b) payment of necessary payroll, rent, suppliers, utilities, and other business expenses;

(c) other payments necessary to sustain continued business operations; and

(d) costs of administration in these Chapter 11 cases.

19. Allpoints request authority to use Cash Collateral immediately to pay the expenses set forth on the Budget attached hereto as **Exhibit A** and incorporated herein by reference, which are necessary to continue the operation of its business and to otherwise avoid irreparable harm and injury to the businesses and estates of the Debtors.

20. "Cash Collateral" is defined as "cash, negotiable instruments, documents of title, securities, deposit accounts or other cash equivalents in which the estate and an entity other than the estate have an interest." 11 U.S.C. § 363(a). Pursuant to section 363(c)(2) of the Bankruptcy Code, the Court may authorize the Debtors to use Cash Collateral as long as the applicable secured creditors consent or are adequately protected. *See, e.g., In re Mellor,* 734 F.2d 1396, 1400 (9th Cir. 1984); *see also In re McCormick,* 354 B.R. 246, 251 (Bankr. C.D. Ill. 2006) (to use the cash collateral of a secured creditor, the debtor must have the consent of the secured creditor or must establish to the Court that the secured creditor's interest in the cash collateral is adequately protected).

21.    In exchange for Allpoints' ability to use Cash Collateral in the operation of its business, Allpoints proposes to grant, as adequate protection, to Regions a replacement lien equal in extent, validity, and priority to the lien held by Regions as of the Petition Date.  The Debtors assert that any interests of Regions will be adequately protected by replacement liens.

22.    If allowed to use Cash Collateral, Allpoints believes that it can stabilize its business operations and maintain going concern value.    Otherwise, the business operations will cease and the assets will have only limited liquidation value.

23.    There is insufficient time for a final evidentiary hearing, as required by Rule 4001(b)(2) of the Federal Rules of Bankruptcy Procedure, to be held before Allpoints must arguably use Cash Collateral.  If this Motion is not considered on an expedited basis and if Allpoints is denied the ability to immediately use Cash Collateral, there will be direct and immediate harm to ongoing business operations.  In order to continue its business activity and achieve a successful reorganization, Allpoints needs to use Cash Collateral.  The inability of Allpoints to meet its ordinary expenses will require it to discontinue normal operations which will result in irreparable injury to the Debtors and their chances for reorganization.  Any such discontinuation would also adversely impact upon the value of Regions' collateral.  Indeed, it is in the best interests of all creditors and the Debtors that Allpoints use its Cash Collateral since such usage will preserve the value of Regions' collateral.  Rule 4001(b)(2) of the Federal Rules of Bankruptcy Procedure authorizes this Court to hold an immediate preliminary hearing on this Motion.

## Basis for Emergency Relief

24.     The facts previously set out herein clearly justify an immediate hearing on this Motion.   If Allpoints cannot utilize Cash Collateral,  it will be unable to pay operating expenses necessary to continue the operation of its business and will be irreparably harmed.   Bridges will likewise be damaged as Allpoints' cash collateral provides the source of funds necessary to maintain and insure the Causeway Property. The Debtors have narrowly tailored the relief requested on an emergency basis in order to allow them to survive pending a final Cash Collateral hearing, as required by Rule 4001(b)(2) of the Federal Rules of Bankruptcy Procedure.

WHEREFORE, the Debtors respectfully request that this Court:  (a) enter the Interim Order granting the instant Motion and authorizing the interim use of Cash Collateral, the proposed form of which is attached as **Exhibit B,** (b) schedule a preliminary hearing on the Motion at the earliest possible time, (c) schedule a final cash collateral hearing in accordance with Bankruptcy Rule 4001(b)(2), (d) authorize the use of the Cash Collateral as set forth herein, and (e) grant such other and further relief as may be just and proper.

*/s/ Harley E. Riedel*
Harley E. Riedel (Florida Bar No.  183628)
Michael J. Hooi (Florida Bar No. 65377)
STICHTER, RIEDEL, BLAIN & PROSSER, P.A.
110 East Madison Street, Suite 200
Tampa, FL  33602
(813) 229-0144
(813) 229-1811 Fax
hriedel@srbp.com
mhooi@srbp.com
Attorneys for Debtors

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct of the foregoing ***Debtors' Emergency Motion for Entry of Interim and Final Orders Authorizing Use of Cash Collateral and Granting Replacement Lien Pursuant to Sections 105(a), 361, 363, 541 and 552 of the Bankruptcy Code and Rule 4001 of the Federal Rules of Bankruptcy Procedure*** has been furnished on this 22nd day of November, 2011, by either the Court's CM/ECF Noticing System or U.S. Mail to:

Office of the United States Trustee
John Anthony, Esquire
All Creditors of each Debtor

/s/ Harley E. Riedel
Harley E. Riedel

Label Matrix for local noticing
113A-8
Case 8:11-bk-21407-CPM
Middle District of Florida
Tampa
Tue Nov 22 09:26:37 EST 2011

Allpoints Warehousing Equipment Co.
5210 Causeway Blvd.
Tampa, FL 33619-6126

Florida Dept of Labor and Security
Hartman Building, Suite 307
2012 Capital Circle, Southeast
Tallahassee, FL 32399-6583

Florida Dept of Revenue
P.O. Box 6668
Tallahassee, FL 32314-6668

IRS
Centralized Insolvency Operations
P.O. Box 7346
Philadelphia, PA 19101-7346

Catherine Peek McEwen
Tampa

Regions Bank, an Alabama state chartered ban
c/o John A. Anthony, Esquire
Anthony & Partners, LLC
201 N. Franklin Street
Suite 2800
Tampa, FL 33602-5816

1st Priority Services
DBA/DRI, Incorporated
PO Box 730440
Dallas, TX 75373-0440

Access America Transport, Inc.
Dept 2015
PO Box 11407
Birmingham, AL 35246-0100

Airgas South
PO Box 532609
Atlanta, GA 30353-2609

Alan D. Bridges
5210 Causeway Blvd.
Tampa, FL 33619-6126

All State Pallets, LLC
9801 Recycle Center Rd
Orlando, FL 32824-8151

Alumni-Guard
2401 Corporate Blvd.
Brooksville, FL 34604-0623

American Express
PO Box 360001
Ft. Lauderdale, FL 33336-0001

Barnett, Bolt, Kirkwood, & Long
PO Box 3287
601 Bayshore Blvd.
Tampa, FL 33606-2747

Boniface A. Uliciansky
6328 Timucuans Drive
Lakeland, FL 33813-3797

Brandon Electric
P.O. Box 358
Dover, FL 33527-0358

Brandon Pest Control, Inc.
PO Box 1488
Brandon, FL 33509-1488

Chariot Express, Inc.
223 NE Loop 820, Ste 102
Hurst, TX 76053-7352

Cleveland Punch And Die Company
PO Box 769
666 Pratt Street
Ravenna, OH 44266-3161

Con-Way Freight, Inc.
PO Box 5160
Portland, OR 97208-5160

Con-Way Freight, Inc.
c/o Amy Winarsky, Esq.
5104 S. Westshore Blvd.
Tampa, FL 33611-5650

Conway Southern Express
PO Box 660240
Dallas, TX 75266-0240

Country Side Propane, Inc.
1601 Turkey Creek Road
Plant City, FL 33566-0055

Department of Labor and Security
Hartman Building Suite 307
2012 Capital Circle Southeast
Tallahassee FL 32399-6583

Department of Revenue
PO Box 6668
Tallahassee FL 32314-6668

Discrete Wireless, Inc.
PO Box 952204
Atlanta, GA 31192-2204

Echo Global Logistics Inc
600 W. Chicago Ave. #725
Chicago, IL 60654-2522

Echo Global Logistics, Inc.
c/o Euler Hermes
7-11 S. Broadway, #314
White Plains, NY 10601-3520

Fastenal Industrial
PO Box 978
Winona, MN 55987-0978

Florida Department of Revenue
5050 W. Tennessee St.
Tallahassee, FL 32399-0100

Foy's Transport Tire Service, Inc
3411 South 50th Street
Tampa, FL 33619-6055

Hillsborough County Tax Collector
P.O. Box 172920
Tampa, FL 33672-0920

Internal Revenue Service
Centralized Insolvency Operations
P.O. Box 7346
Philadelphia, PA 19101-7346

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

J&S Lift Truck Repair
5320 3rd Street
Zephyrhills, FL 33542-3934

Landstar
13410 Sutton Park S.
Jacksonville, FL 32224-5270

Lightning Bolt & Screw, Inc.
2604 Tampa East Blvd. Suite A
Tampa, FL 33619-3059

PNCEF, LLC
c/o Theodore Hamilton, Esq.
P.O. Box 172727
Tampa, FL 33672-0727

Peddinghaus Corp.
300 North Washington
Bradley, IL 60915-1600

Phoenix Stamping
6100 Emmauel Dr.
Atlanta, GA 30336-2804

Quantum Storage Systems
Division of M&M Plastics
15800 NW 15th Avenue
Miami, FL 33169-5606

RateMatrix Inc.
1815 Alden Unit B
Little Rock, AR 72207-4203

Regions Bank
13535 Feathersound Dr.
Building 1 - Suite 525
Clearwater, FL 33762-2259

Regions Bank
c/o John A. Anthony, Esq.
201 N. Franklin St., #2400
Tampa, FL 33602-5814

Regions Bank
c/o John A. Anthony, Esquire
Anthony & Partners, LLC
201 N. Franklin Street, Suite 2800
Tampa, Florida 33602-5816

Regions Equipment Finance Corp.
1900 5th Ave. N.
12th Floor
Birmingham, AL 35203-2610

SP Richards
7453 Presidents Drice
Orlando, FL 32809-5607

Security Concepts of Tampa, Inc
PO Box 906
Brandon, FL 33509-0906

(c)SECURITY PROTECTION SYSTEMS
4217 N LAUBER WAY
TAMPA FL  33614-7749

Sunteck Transport Co, Inc.
6413 Congress Ave. Suite 260
Boca Raton, FL 33487-2854

TCI Powder Coatings, Inc.
4036 Dixon Dr.
Ellaville, GA 31806

Tampa Truck Brokers, Inc
15510 N. Nebraska Ave
Lutz, FL 33549-6152

Toyota Financial Services
Commerical Finances
PO Box 2431
Carol Stream, IL 60132-0001

Toyota Motor Credit Corp.
P.O. Box 3457
Torrance, CA 90510-3457

Toyota Motor Credit Corp.
c/o Weltman, Weinberg & Reiss Co.
175 S. 3rd St., #900
Columbus, OH 43215-5166

Wallen Haulin, LLC
3327 Cheviot Drive
Tampa, FL 33618-2159

Washburns
PO Box 82017
Conyers, GA 30013-9428

Wholesale Tool Florida
PO Box 68
Warren, MI 48090-0068

Harley E Riedel +
Stichter Riedel Blain & Prosser
110 East Madison Street
Suite 200
Tampa, FL 33602-4718

Label Matrix for local noticing
113A-8
Case 8:11-bk-21410-CPM
Middle District of Florida
Tampa
Tue Nov 22 09:27:17 EST 2011

Alan D. Bridges
5210 Causeway Blvd.
Tampa, FL 33619-6126

Florida Dept of Labor and Security
Hartman Building, Suite 307
2012 Capital Circle, Southeast
Tallahassee, FL 32399-6583

Florida Dept of Revenue
P.O. Box 6668
Tallahassee, FL 32314-6668

IRS
Centralized Insolvency Operations
P.O. Box 7346
Philadelphia, PA 19101-7346

Catherine Peek McEwen
Tampa

Regions Bank, an Alabama state chartered ban
c/o John A. Anthony, Esquire
Anthony & Partners, LLC
201 N. Franklin Street
Suite 2800
Tampa, FL 33602-5816

Allpoints Warehousing Equipment Co.
5210 Causeway Blvd.
Tampa, FL 33619-6126

American Express
PO Box 360001
Ft. Lauderdale, FL 33336-0001

Capital Bank
P.O. Box 900
Tallahassee, FL 32302-0900

Curry Law Group, PA
750 W. Lunsden Road
Brandon, FL 33511-6217

Department of Labor and Security
Hartman Building Suite 307
2012 Capital Circle Southeast
Tallahassee FL 32399-6583

Department of Revenue
PO Box 6668
Tallahassee FL 32314-6668

Hillsborough County Tax Collector
P.O. Box 172920
Tampa, FL 33672-0920

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

Mangrove Cay I Condominium Assoc.
c/o Bruce Rodgers, Esq.
301 W. Platt St., #375
Tampa, FL 33606-2292

PNCEF, LLC
c/o Theodore Hamilton, Esquire
PO Box 172727
Tampa, FL 33672-0727

(p)PINELLAS COUNTY TAX COLLECTOR
PO BOX 4006
SEMINOLE FL 33775-4006

Regions Bank
13535 Feathersound Dr.
Building 1 - Suite 525
Clearwater, FL 33762-2259

Regions Bank
c/o John A. Anthony, Esquire
Anthony & Partners, LLC
201 N. Franklin Street, Suite 2800
Tampa, Florida 33602-5816

Regions Bank
c/o John Anthony, Esq.
201 N. Franklin St., #2400
Tampa, FL 33602-5814

Regions Bank
c/o Weltman, Weinberg & Reis
175 S. 3rd St., #900
Columbus, OH 43215-5166

Regions Bank dba Regions Mortgage
c/o Leah Mayersohn, Esq.
1 Financial Plaza, #1514
Fort Lauderdale, FL 33394-0001

TD Auto Finance
P.O. Box 9001921
Louisville, KY 40290-1921

Harley E Riedel +
Stichter Riedel Blain & Prosser
110 East Madison Street
Suite 200
Tampa, FL 33602-4718

Benjamin E. Lambers +
Timberlake Annex
501 E. Polk Street, Suite 1200
Tampa, FL 33602-3945

United States Trustee - TPA +
Timberlake Annex, Suite 1200
501 E Polk Street
Tampa, FL 33602-3949

John A Anthony +
Anthony & Partners, LLC
201 North Franklin Street, Suite 2400
Tampa, FL 33602-5814

# EXHIBIT A

| CASH NEEDS | | | | 2011 DECEMBER WEEK 1 | 2011 DECEMBER WEEK 2 | 2011 DECEMBER WEEK 3 | 2011 DECEMBER WEEK 4 | 4 WEEK TOTAL |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |
| **EXPENSES (PAID)** | | | | | | | | |
| | PURCHASE PRODUCT | | | $ 35,000 | $ 20,000 | $ 35,000 | $ 20,000 | $ 110,000 |
| | MFG LABOR | | | | $ 25,300 | | $ 25,300 | $ 50,600 |
| | RAW MATERIALS | | | $ 3,750 | $ 3,750 | $ 3,750 | $ 3,750 | $ 15,000 |
| | FAB SUPPLIES | | | $ 750 | $ 750 | $ 750 | $ 750 | $ 3,000 |
| | PAINT SUPPLES | | | $ 1,875 | $ 1,875 | $ 1,875 | $ 1,875 | $ 7,500 |
| | INSTALLATION (CONTRACT) | | | $ 12,500 | | $ 12,500 | | $ 25,000 |
| | WAREHOUSE LABOR | | | | $ 6,000 | | $ 6,000 | $ 12,000 |
| | SALES LABOR | | | | $ 8,000 | | $ 8,000 | $ 16,000 |
| | SALES COMM | | | | | | $ 20,000 | $ 20,000 |
| | OFFICE SUPPLIES | | | $ 63 | $ 63 | $ 63 | $ 63 | $ 250 |
| | ADMIN LABOR | | | | $ 2,600 | | $ 2,600 | $ 5,200 |
| | MGMT LABOR | | | | $ 10,000 | | $ 10,000 | $ 20,000 |
| | REPAIR/MAIN | | | $ 625 | $ 625 | $ 625 | $ 625 | $ 2,500 |
| | FUEL | | | | | | $ 1,300 | $ 1,300 |
| | SHIPPING /HANDLING | | | $ 2,500 | $ 2,500 | $ 2,500 | $ 2,500 | $ 10,000 |
| | SALES TAX | | | | $ 27,500 | | | $ 27,500 |
| | ADV/WEB | | | $ 275 | $ 275 | $ 275 | $ 275 | $ 1,100 |
| | INSURANCE | | | $ 3,000 | $ 3,000 | $ 3,000 | $ 3,000 | $ 12,000 |
| | PROPERTY TAX | | | $ - | $ - | $ - | $ - | $ - |
| | TANGIBLE TAX | | | | | | $ 3,600 | $ 3,600 |
| | UTILITIES | | | $ 4,000 | | $ 4,000 | | $ 8,000 |
| | | | | | | | | $ - |
| | | TOTAL EXP | | $ 64,338 | $ 112,238 | $ 64,338 | $ 109,638 | $ 350,550 |
| | | NET CASH | | $ 11,163 | (238) | $ 11,163 | $ 2,363 | $ 24,450 |
| | | CUMM CASH | | $ 11,163 | $ 10,925 | $ 22,088 | $ 24,450 | |

**EXHIBIT B**

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:                                          Chapter 11

ALLPOINTS WAREHOUSING
EQUIPMENT COMPANY d/b/a          Case No. 8:11-bk-21407-CPM
GOT-RACK.COM and

ALAN D. BRIDGES,                          Case No. 8:11-bk-21410-CPM

                                                  *(Jointly Administered Under*
                  Debtors.                      *Case No. 8:11-bk-21407-CPM)*

_____/

### INTERIM ORDER GRANTING DEBTORS' EMERGENCY MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS AUTHORIZING USE OF CASH COLLATERAL AND GRANTING REPLACEMENT LIENS PURSUANT TO SECTIONS 105(a), 361, 363, 541 AND 552 OF THE BANKRUPTCY CODE AND RULE 4001 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

THIS CASE came on for hearing on November _____, 2011, upon the Debtors' Emergency Motion for Entry of Interim and Final Orders Authorizing Use of Cash Collateral and Granting Replacement Liens Pursuant to Sections 105(a), 361, 363, 541 and 552 of the Bankruptcy Code and Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "**Motion**")[1] (Doc. No. _____). The Motion seeks the entry of interim and final orders authorizing the use of "Cash Collateral" as defined in Section 363(a) of the Bankruptcy Code. The Court, having reviewed the Motion and having heard the argument and proffers of counsel, finds that the Motion should be granted to prevent immediate and irreparable harm to the Debtors' business. Accordingly, for the reasons

---

[1] Unless otherwise defined herein, capitalized terms shall have the same meaning ascribed to them in the Motion.

stated orally and recorded in open Court, which shall constitute the decision of the Court, it is

**ORDERED** that:

1. The Motion is granted on an interim basis pending a final hearing to be conducted by the Court on _____, 2011.

2. Allpoints is authorized to use all Cash Collateral (as that term is defined in Section 363(a) of the Bankruptcy Code) including, without limitation, cash, deposit accounts and accounts receivable in accordance with the budget (the "**Budget**"), a copy of which is attached hereto as **Exhibit A**, so long as the aggregate of all expenses for each week do not exceed the amount in the Budget by more than ten percent (10%) for any such week on a rolling four week cumulative basis, taking into account the cumulative variances for the prior three weeks (the "**Variance**"). Notwithstanding the foregoing, in order to provide protection for vendors that provide necessary goods and services, subject to the provisions of paragraph four of this Order, expenditures in excess of the Variance or not on the Budget will not be deemed to be unauthorized use of Cash Collateral, unless the recipient cannot establish that the expense would be entitled to administrative expense priority if the recipient had extended credit for the expenditure.

3. Prior to exceeding the Variance, Allpoints must obtain either verbal or written consent (which consent shall not be unreasonably withheld) of counsel for Regions Bank. Written consent shall be the preferred method of consent unless it is impracticable to obtain such consent. In the event that the consent given is verbal, counsel for the Debtors shall confirm in writing by email as soon as reasonably

practicable. Counsel for Regions Bank shall reply to any such request within 24 hours of the phone call or the email request. If counsel for Regions Bank fails to respond within the 24 hour time period, Allpoints shall be entitled to incur the expenditure at issue. If the parties are not able to reach a resolution, Allpoints shall be entitled to an expedited hearing, subject to the Court's calendar. If counsel for Regions Bank certifies a lack of notice of a request within the twenty-four hour period, he or she may file an objection with the Court requesting the Court to stop the Debtor from incurring the expenditure if it has not already been incurred. Notwithstanding anything herein to the contrary, Allpoints shall be allowed to use Cash Collateral, with or without the consent of Regions Bank, if necessary to preserve the safety and health of its employees.

4.     By _____, 2011, Allpoints shall provide to counsel for Regions Bank (a) a cash flow statement reflecting postpetition expenses and receipts and (b) an extended budget reflecting estimated expenditures for at least ninety days beyond the fina hearing.

5.     Regions Bank is granted as adequate protection post-petition replacement liens against Allpoints' Cash Collateral to the same extent, validity, and priority as existed as of the Petition Date.

6.     This Order is not and shall not be construed as determinative as to whether or not any creditor has a valid lien on any property of the Debtors or their estates. This Order is not and shall not be construed as determinative as to the extent or amount of any secured claim associated with any such lien.

7.     This Order is without prejudice to the Debtors' rights to challenge the extent, validity, or priority of any lien or claim of any creditor, and is likewise without prejudice to the right of any creditor to seek additional relief concerning Cash Collateral by subsequent motion and nothing contained in this Order shall be deemed to constitute a waiver of any party's rights.

8.     The provisions of this Order shall remain in full force and effect unless modified or vacated by subsequent order of this Court.

9.     This Order is without prejudice to Allpoints' right to seek authority by separate motion to pay monies in excess of the amounts set forth in the Budget.

10.    All persons and entities owing monies to Allpoints are authorized and directed to pay the monies to Allpoints, without setoff, which sums shall upon collection by Allpoints constitute Cash Collateral.

11.    The entry of this Order is without prejudice to the right of Regions Bank at the final hearing to argue that Allpoints should not be allowed to continue to use Cash Collateral and is likewise without prejudice to Allpoints' rights to argue that it should be allowed to continue to use Cash Collateral on whatever terms the Court approves.

DONE AND ORDERED in Tampa, Florida on _____.


_____
Catherine Peek McEwen
United States Bankruptcy Judge


Copies provided by CM/ECF

# EXHIBIT A

| CASH NEEDS | | | | 2011 DECEMBER WEEK 1 | | 2011 DECEMBER WEEK 2 | | 2011 DECEMBER WEEK 3 | | 2011 DECEMBER WEEK 4 | | 4 WEEK TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | | |
| EXPENSES (PAID) | | | | | | | | | | | | |
| | PURCHASE PRODUCT | | | $ | 35,000 | $ | 20,000 | $ | 35,000 | $ | 20,000 | $ 110,000 |
| | MFG LABOR | | | | | $ | 25,300 | | | $ | 25,300 | $ 50,600 |
| | RAW MATERIALS | | | $ | 3,750 | $ | 3,750 | $ | 3,750 | $ | 3,750 | $ 15,000 |
| | FAB SUPPLIES | | | $ | 750 | $ | 750 | $ | 750 | $ | 750 | $ 3,000 |
| | PAINT SUPPLES | | | $ | 1,875 | $ | 1,875 | $ | 1,875 | $ | 1,875 | $ 7,500 |
| | INSTALLATION (CONTRACT) | | | $ | 12,500 | | | $ | 12,500 | | | $ 25,000 |
| | WAREHOUSE LABOR | | | | | $ | 6,000 | | | $ | 6,000 | $ 12,000 |
| | SALES LABOR | | | | | $ | 8,000 | | | $ | 8,000 | $ 16,000 |
| | SALES COMM | | | | | | | | | $ | 20,000 | $ 20,000 |
| | OFFICE SUPPLIES | | | $ | 63 | $ | 63 | $ | 63 | $ | 63 | $ 250 |
| | ADMIN LABOR | | | | | $ | 2,600 | | | $ | 2,600 | $ 5,200 |
| | MGMT LABOR | | | | | $ | 10,000 | | | $ | 10,000 | $ 20,000 |
| | REPAIR/MAIN | | | $ | 625 | $ | 625 | $ | 625 | $ | 625 | $ 2,500 |
| | FUEL | | | | | | | | | $ | 1,300 | $ 1,300 |
| | SHIPPING /HANDLING | | | $ | 2,500 | $ | 2,500 | $ | 2,500 | $ | 2,500 | $ 10,000 |
| | SALES TAX | | | | | $ | 27,500 | | | | | $ 27,500 |
| | ADV/WEB | | | $ | 275 | $ | 275 | $ | 275 | $ | 275 | $ 1,100 |
| | INSURANCE | | | $ | 3,000 | $ | 3,000 | $ | 3,000 | $ | 3,000 | $ 12,000 |
| | PROPERTY TAX | | | $ | - | $ | - | $ | - | $ | - | $ - |
| | TANGIBLE TAX | | | | | | | | | $ | 3,600 | $ 3,600 |
| | UTILITIES | | | $ | 4,000 | | | $ | 4,000 | | | $ 8,000 |
| | | | | | | | | | | | | $ - |
| | | TOTAL EXP | | $ | 64,338 | $ | 112,238 | $ | 64,338 | $ | 109,638 | $350,550 |
| | | NET CASH | | $ | 11,163 | | (238) | $ | 11,163 | $ | 2,363 | $ 24,450 |
| | | CUMM CASH | | $ | 11,163 | $ | 10,925 | $ | 22,088 | $ | 24,450 | |